UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KEVIN DUBIE,

    Plaintiff,

v.                                  Case No.:  5:23-cv-547-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Kevin Dubie seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on September 7, 2021, alleging disability beginning July 2, 2021. (Tr. 89, 184-85). The application was denied initially and on reconsideration. (Tr. 81, 96). Plaintiff

requested a hearing and on November 30, 2022, a hearing was held before Administrative Law Judge Amy Rosenberg ("ALJ"). (Tr. 27-72). On January 11, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from July 2, 2021, through the date of the decision. (Tr. 13-22). On June 28, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5).

Plaintiff began this action by Complaint (Doc. 1) filed on August 7, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 17).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026. (Tr. 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 2, 2021, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: "strabismic amblyopia with exotropia of the right eye; epiretinal membrane of the right eye; retinal pigment epithelia changes of both eyes; central serous chorioretinopathy of the left eye; loss of central visual acuity in both eyes; decreased visual field in left eye; cataracts in both eyes; presbyopia in both eyes." (Tr. 15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R.

Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can occasionally climb ramps and stairs, but he [ ] should never climb ladders, ropes, or scaffolds; he should never work at unprotected heights or on uneven, shifting, or obstructed terrain; he should never operate hazardous machinery or commercial motor vehicles; he should never perform work that requires field of vision or depth perception; he can perform work that requires up to occasional near acuity, far acuity, and visual accommodation.

(Tr. 16-17).

At step four, the ALJ determined that Plaintiff was not capable of performing his past relevant work as a garbage collector/driver and composite job of garbage collector/driver and garbage collector supervisor. (Tr. 20). At step five, the ALJ found that considering Plaintiff's age (58 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 21). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)   Cafeteria counter supply worker, DOT[1] 319.687-010, medium, SVP 2

    (2)   Janitor, DOT 381.687-018, medium, SVP 2

    (3)   Production helper, DOT 691.687-010, medium, SVP 1

(Tr. 21). The ALJ concluded that Plaintiff had not been under a disability from July 2, 2021, through the date of the decision. (Tr. 22).

## II.   Analysis

On appeal, Plaintiff raises three issues:

    (1)   Whether the ALJ failed to properly evaluate Plaintiff's subjective complaints about the intensity, persistence, and limiting effects of his headaches;

    (2)   Whether the ALJ erred in failing to include any limitations in the RFC related to Plaintiff's headache or vision symptoms; and

    (3)   Whether the vocational expert's testimony constituted substantial evidence supporting the ALJ's decision because the ALJ's hypothetical question to the vocational expert failed to accurately reflect all of Plaintiff's limitations.

(Doc. 25, p. 7).

### A.   Subjective Complaints

Plaintiff argues that the ALJ failed to properly consider Plaintiff's subjective complaints, especially his complaints of chronic headaches. (Doc. 25, p. 9-10). Plaintiff acknowledges that the ALJ mentioned Plaintiff's symptoms of headaches a

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

few times in the decision and that his headaches resulted from central serous chorioretinopathy of the left eye, which the ALJ found a severe impairment at step two. (Doc. 25, p. 12; Tr. 15). Plaintiff claims, however, that the ALJ's reasons for discounting the frequency and severity of the headaches and the impact they have on his ability to function at work are insufficient. (Doc. 25, p. 13-15).

A brief medical background is helpful. The ALJ found Plaintiff had amblyopia (sometimes known as lazy eye) in the right eye and was diagnosed with central serous chorioretinopathy (fluid buildup) in the left eye. (Tr. 18). At consultative exams in December 2021 and February 2022, his visual acuity with glasses was 20/200 on the right and 20/30 on the left. (Tr. 321). Plaintiff reported chronic headaches associated with his eye problems. (Tr. 326). He also developed cataracts in both eyes. (Tr. 326). His depth perception was poor due to amblyopia and being monocular. (Tr. 327). His visual fields were abnormal and worse than at a prior visit. (Tr. 327).

At a September 27, 2022 eye exam, Plaintiff's left eye was correctable to 20/30 vision and with glare it was correctable to 20/50. (Tr. 334). On the same date, his right eye was correctable to being able to count fingers at 2 feet, and with glare, it was correctable to 20/400 vision or basically he could not see on the right with glare. (Tr. 334). At times, Plaintiff had sub-retinal fluid in his left eye, which blurs his vision. (Tr. 335).

Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395

F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ summarized Plaintiff's subjective complaints. (Tr. 17). As to headaches, the ALJ noted Plaintiff's testimony that his eyes continue to worsen with more blurriness and headaches. (Tr. 16). Because of fluid behind the eyes – with the left being worse than the right – Plaintiff had decreased peripheral vision and depth perception. (Tr. 16). The ALJ recounted: "[Plaintiff] stated that he has daily headaches, which, at their worst, are at a pain level of 8 on a scale of 1 to 10. He said that when he gets them, he takes Tylenol." (Tr. 17). Even so, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but his statements as to the intensity, persistence, and limiting effects of these symptoms, combined with the medical evidence of record do no warrant greater limitations than those reflected in the RFC. (Tr. 18).

The ALJ then found:

> The claimant has primarily alleged that he is unable to continue his prior work as a trash collector, which requires him to spend much of his day driving a large vehicle. That allegation is reasonabl[y] supported by the records. On the other hand, the [ ]records do not show that the claimant is generally limited in his ability to maneuver around normal workplace hazards, do occasional reading, or engage in many other basic workplace tasks.

(Tr. 18).

The ALJ acknowledged at the February 2022 consultative eye exam, the medical provider diagnosed Plaintiff with no useful visual acuity of the right eye, decreased visual field left eye, and chronic headaches. (Tr. 18, 327). As to headaches, the ALJ discussed Plaintiffs activities of daily living, then found:

> Nonetheless, I have also considered the claimant's testimony about headaches in assessing the limitations. I have limited the claimant to no climbing of ladders, ropes, or scaffolds, at unprotected heights, and on uneven shifting or obstructed terrain due to his combined limitation of visual field, complaints of blurred vision, and limited visual acuity. He can occasionally climb ramps and stairs and should not operate hazardous machinery for these same reasons. However, he can perform work that requires up to occasional near acuity, far acuity, and visual accommodation based on his responses from the September 2022 survey.

(Tr. 19).

While the ALJ stated that she considered Plaintiff's testimony about headaches in assessing the RFC limitations, she did not tie any of the mentioned limitations to his complaints of daily headaches caused by his vision problems. Nor

did she find that his headaches caused no limitations in his functional work ability. Plaintiff had severe eye problems both in his right eye – which has little to no vision – and in his left eye when the fluid behind the eye builds up. His daily headaches symptoms resulted from these eye problems. The ALJ acknowledged that Plaintiff testified that at a minimum, when he had multiple daily headaches, he must take Tylenol and rest for 15-20 minutes each time. (Tr. 17). Even though the ALJ acknowledged Plaintiff's daily headaches, she did not clearly articulate specific reasons to discount Plaintiff's complaints of headaches nor did she discuss their impact on Plaintiff's functional ability to work. The Court cannot determine whether the ALJ considered Plaintiff's medical condition as a whole. For these reasons, remand is warranted to reconsider Plaintiff's subjective complaints, including his complaints of daily headaches.

### B.     Remaining Issues

Plaintiff also challenges whether the ALJ erred in failing to include any limitations in the RFC related to Plaintiff's headache or vision symptoms and whether the vocational expert's testimony constituted substantial evidence. A medical consultant found Plaintiff had no useful vision in the right eye, decreased vision field in the left eye, chronic headaches, and poor depth perception due to both amblyopia on the right and being monocular. (Tr. 326-27). Rather than deciding Plaintiff's other issues, because this action is remanded on other grounds that may

affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

## III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's subjective complaints, the RFC assessment, and whether jobs exist in the national economy that Plaintiff could perform. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties